IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-02578-NRN

YURICE GRISEX DIAZ VILORIA,

Petitioner,

v.

TODD BLANCHE, Acting U.S. Attorney General in his official capacity,
ROBERT GUADIAN, U.S. Immigration & Customs Enforcement Field Office Director for the Colorado Field Office, in his official capacity,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in his official capacity, and
JUAN BALTASAR, Warden of GEO Group Aurora Inc, in his official capacity,

Respondents.

---

**ORDER ON PETITIONER'S MOTION TO ENFORCE**
**(ECF No. 11)**

---

**N. REID NEUREITER**
**United States Magistrate Judge**

This matter is before the Court on Petitioner's Motion to Enforce Judgment (the "Motion"), ECF No. 11. Respondents filed a response, ECF No. 14. For the reasons set forth below, the Court **GRANTS** the Motion.

On June 23, 2026, the Court issued an Order, ECF No. 10, granting in part the habeas petition, ECF No. 1, and ordering Respondents to provide Petitioner with a bond hearing before an immigration judge ("IJ") under 8 U.S.C. § 1226(a) within seven days. The Court ordered that "Respondents bear the burden of proving by clear and convincing evidence that Petitioner's continued detention is justified due to

dangerousness or flight risk." ECF. No. 10 at 6–7 (citing *Abanil v. Baltazar*, 817 F. Supp. 3d 1148, 1160 (2026)) (collecting cases).

A bond hearing was held on June 30, 2026. An IJ denied Petitioner's request for bond. ECF No. 12 at 2. However, in the Motion, Petitioner argues that "[a]lthough Respondents purported to comply with this Court's June 23, 2026 Order by conducting a bond hearing within seven days, they did so without providing any notice whatsoever to Petitioner's retained counsel, despite counsel having been retained specifically to represent Petitioner at the Court-ordered hearing." ECF No. 11 at 2. Petitioner further argues that as a result, she was forced to proceed without counsel and without the "extensive evidence prepared on her behalf, and without any meaningful opportunity to present the case for her release." *Id.*

Respondents did not file a substantive opposition to Petitioner's request. Respondents state,

> Respondents are not submitting a brief in opposition to the Petition detailing the full facts and circumstances. Respondents recognize that the Court may then decide to grant the Petition and award appropriate relief. Respondents submit that if the Court does grant the Petition, the appropriate relief would be an order directing a bond hearing under 8 U.S.C. § 1226(a) before an immigration judge within a reasonable time.

ECF No. 14 at 1–2.

Accordingly, it is hereby **ORDERED** that:

1. Respondents shall provide Petitioner with a new bond hearing under 8 U.S.C. § 1226(a) within seven days of this Order before a different IJ, and **<u>after reasonable notice has been provided to Petitioner's counsel</u>**. At the bond hearing, Respondents bear the burden of proving by clear and convincing evidence that Petitioner's continued

detention is justified due to dangerousness or flight risk. **If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention**;

2. Respondents shall file a status report within three days of Petitioner's bond hearing, stating whether she has been granted bond, and, if her request for bond was denied, the reasons for that denial.

It is so **ORDERED**.

Dated: July 24, 2026

BY THE COURT:

N. Reid Neureiter
United States Magistrate Judge